DATE FILED: March 21, 2024 2:59 PM
FILING ID: 2D42092B7224A
CASE NUMBER: 2024CV30251

# EXHIBIT B

# Previous Avigation Easement For Zones 3 and 10

RECEPTION NO. 92051546
5/04/92 14:45          45.00
RECORDED IN
COUNTY OF JEFFERSON
STATE OF COLORADO

45.00

## AVIGATION EASEMENT AGREEMENT
## ROCK CREEK RANCH FILING NO.'S 3, 10 AND 11

1-9

THIS AVIGATION EASEMENT AGREEMENT is made this ___1st___ day of ___May___, 1992, between RICHMOND HOMES, INC. I, a Delaware corporation, (the "Grantor"), and the JEFFERSON COUNTY AIRPORT AUTHORITY OF COLORADO, the governing body of the Jefferson County Airport ("Airport") hereafter called the "Authority."

WHEREAS, Grantor is the owner in fee simple of that certain parcel of land situated in the County of Boulder, State of Colorado, which is part of the property known as Rock Creek Ranch, more specifically described in Exhibit "A" attached hereto and incorporated herein by this reference (the "Property"); and

WHEREAS, the Grantor and the Authority desire to enter into this Agreement for the Property which is around and about the Airport boundaries; and

WHEREAS, the Authority has accepted, enacted and proposed a master plan for the Airport dated January, 1988, such plan having been prepared by Barnard Dunkelberg & Company URS Engineers ("Master Plan").

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00), the mutual promises and agreements hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Easement**. The Grantor for itself, its administrators, successors and assigns does hereby grant, bargain, sell and convey unto the Authority (the "Grantee"), its successors and assigns, a non-exclusive easement and right of way appurtenant to the Airport for the passage of all aircraft by whom so ever owned and operated in the airspace above the surface of Grantor's property at a height which is regulated by the FAA as of the date of this Avigation Easement Agreement to an infinite height above the Property (the "Airspace Easement") together with the right to cause in the Airspace Easement such noise, vibration and all other effects that may be caused by the operation of aircraft landing at or taking off from or operating at or on the Airport. To have and to hold said Easement and right of way and all rights pertaining thereto unto the Grantee its successors and assigns until the Airport shall be abandoned or shall be ceased to be used for Airport purposes, or the occurrence of any of the contingencies set forth in Paragraph 2, then such easement shall revert back to Grantor, its successors and assigns, it being understood and

agreed that this covenant and agreement shall run with the land.

2. <u>Limitations</u>. The Easement granted under Paragraph 1 shall remain in effect unless any of the following shall occur:

    a. The Airport shall cease being used as a "General Aviation Reliever Airport" as those terms are defined, as of the date of this Agreement, by the Federal Aviation Administration Rules and Regulations or any rules or regulations which may later be enacted which are more strict that current rules and regulations.

    b. The type and size of aircraft using the Airport as permitted under the Master Plan shall be changed or become inconsistent with such Master Plan, if there is an increase in passenger usage over that disclosed in the Master Plan, or the Airport is used for freight delivery.

    c. The Authority shall lengthen the existing runways, build additional runways or increase the load capacity of such runways beyond the proposed limits currently contained in the Master Plan.

    d. The noise contours contained in the Master Plan are exceeded by the sustained operation of aircraft in the Airspace Easement.

    e. The noise, vibration and all other effects of aircraft operation on the Property exceeds 60 ldn.

If any of the above shall occur this Easement shall terminate without further notice.

3. <u>No Waiver</u>. Nothing stated in the foregoing grant shall allow the unlawful operation or passage of any aircraft by any person over and across the Property in violation of applicable Federal, State and Local Laws or Federal Aviation Administration Requirements, nor release any person from liability for damages or divest the Grantor its successors and assigns, from any right or cause of action for damages to any person or property for other claims resulting from such unlawful or negligent operation of any aircraft at any altitude over and across the Property.

4. <u>Grantor Not Bound</u>. The Parties acknowledge that the Property is or may be zoned residential. The Parties also acknowledge that the Master Plan designates certain "Instrument Critical Zones" and "Visual Runway Critical Zones" on the Property, which zones are not recommended by the Authority for residential use, and the Authority hereby acknowledges that portions of the Property as presently

zoned, are not consistent with the "Land Use Compatibility Matrix" contained in the Master Plan at Appendix 1. Notwithstanding the Instrument Critical Zones and the Visual Runway Critical Zones set forth in said Master Plan, Grantor shall not be bound by the Master Plan or any other limitations as to zoning, use and development of the Property. Nothing in this Agreement is intended to grant the Authority any surface easements, surface controls or other claims on or to the surface rights of the Property.

5. <u>Grantee to Inform Users</u>. As part of the consideration for the granting of this Easement, the Authority, together with its successors and assigns, shall use reasonable efforts to acquaint the Airport users with flight, noise, weight, and easement restrictions through its normal information dissemination process. The Authority shall not, however, be liable to any third party as a result of a failure to notify or otherwise disseminate such information unless such liability has occurred due to the gross negligence of the Authority.

6. <u>Reservation of Rights</u>. Grantor reserves the right to pursue any and all causes of action against the Grantee or any aircraft user, owner or operator arising from the Grantee's negligence or willful and wanton acts in operating aircraft or the Airport and nothing stated in the grant set forth above shall release any person from liability for damages or shall divest Grantor, its successors and assigns from any right or cause of action for damages to any person or property resulting from the unlawful negligent or willful and wanton operation of any aircraft at any altitude over and across the Property.

7. <u>Non-Exclusive Easement</u>. Nothing herein shall be construed to be a prohibition to the granting or additional easements by Grantor to third parties in the Airspace Easement, which would not interfere with the use of the Airspace Easement by the Grantee or in the Property or the airspace below the Airspace Easement.

RECEPTION NO. 92051546

IN WITNESS WHEREOF, the Grantor and the Authority, by and through their duly authorized representatives, have hereunto set their hands this **1st** day of **May**, 1992.

RICHMOND HOMES, INC. I

By: *Gary L. Mandarich*
Gary L. Mandarich,
President

ATTEST:

By: *Timothy R. Garrelts*
Timothy R. Garrelts
Assistant Secretary

STATE OF COLORADO         )
CITY AND                  ) ss.
COUNTY OF DENVER          )

The foregoing instrument was acknowledged before me this **23rd** day of **April**, 1992, by Gary L. Mandarich, as President, and Timothy R. Garrelts, as Assistant Secretary of Richmond Homes, Inc. I.

WITNESS my hand and official seal.
My commission expires: **March 9, 1994**

*Susan M. Licht*
Notary Public

JEFFERSON COUNTY AIRPORT AUTHORITY

By: *David D. Callender*
Title: **Chairman**

RECEPTION NO. 92051546

-4-

RECEPTION NO. 92051546

ATTEST:

By: _Robert T. Lohre_
Title: _Asst Airport Manager_

STATE OF COLORADO   )
                    ) ss.
COUNTY OF _Jefferson_ )

The foregoing instrument was acknowledged before me this _1st_ day of _May_, 1992, by _David D. Callender_ as _Chairman_, and _Robert T. Lohre_ as _Asst Airport Mgr_. of the Jefferson County Airport Authority.

WITNESS my hand and official seal.

My commission expires: _2-4-94_

_Traci Lutz_
Notary Public

(avigea.7)

-5-

LEGAL DESCRIPTION
Rock Creek Ranch Filing No. 3

A parcel of land located in Section 30, Township 1 South, Range 69 West of the Sixth Principal Meridian, Town of Superior, County of Boulder, State of Colorado, more particularly described as follows:

Commencing at the Northwest corner of said Section 30;
thence N88°47'37"E along the North line of the Northwest quarter of said Section 30, 802.37 feet to a point on a curve on the easterly right-of-way line of McCaslin Boulevard;
thence along said easterly right-of-way line the following six (6) courses:

1. thence along said curve to the left having a radius of 5400.00 feet, a central angle of 02°04'26" (the chord of which bears S13°39'11"E, 195.46 feet), 195.47 feet;
2. thence S42°45'46"E, 85.00 feet;
3. thence S14°41'25"E, 40.00 feet;
4. thence S00°23'39"E, 161.99 feet;
5. thence S14°41'25"E, 50.00 feet to a point of curve;
6. thence along said curve to the right having a radius of 1300.00 feet, a central angle of 15°46'22", 357.87 feet to the Point of Beginning, said point being on the southerly boundary of Rock Creek Ranch Filing No. 1B;

thence along said southerly boundary the following thirteen (13) courses:

1. thence S87°03'42"E, 357.41 feet;
2. thence S19°49'42"E, 12.97 feet;
3. thence S28°31'54"E, 250.96 feet;
4. thence S73°31'54"E, 21.21 feet;
5. thence N61°28'06"E, 105.00 feet;
6. thence S28°31'54"E, 59.19 feet to a point of curve;
7. thence along curve to the right having a radius of 570.00 feet, a central angle of 03°59'17", 39.68 feet;
8. thence N65°27'24"E, 166.82 feet;
9. thence S41°49'36"E, 69.16 feet;
10. thence S21°50'10"E, 89.90 feet;
11. thence S30°25'50"E, 104.90 feet;
12. thence S39°01'29"E, 104.90 feet;
13. thence S29°15'40"E, 77.01 feet;

thence along the boundary of Rock Creek Ranch Filing No. 1A the following six (6) courses:

1. thence S42°50'25"W, 162.74 feet;
2. thence S07°01'58"E, 143.40 feet;
4. thence S34°50'37"E, 110.00 feet;
5. thence S73°34'58"E, 66.26 feet;
6. thence S78°36'02"E, 247.51 feet;

thence S49°29'50"E, 74.17 feet to a point on the westerly right-of-way line of South Indiana Street as platted in Rock Creek Ranch District Streets Filing No. 1;
thence along the westerly line of said South Indiana Street the following six (6) courses:

1. thence S40°30'10"W, 380.81 feet to a point of curve;
2. thence along said curve to the left having a radius of 840.00 feet, a central angle of 17°42'43", 259.67 feet to a point of reverse curve;
3. thence along said curve to the right having a radius of 30.00 feet, a central angle of 86°02'44", 45.05 feet;
4. thence S18°50'11"W, 60.00 feet to a point on a curve;
5. thence along said curve to the right having a radius of 30.00 feet, a central angle of 86°02'44" (the chord of which bears S28°08'27"E, 40.94 feet), 45.05 feet to a point of reverse curve;
6. thence along said curve to the left having a radius of 840.00 feet, a central angle of 06°27'40", 94.72 feet to the South line of the Northwest quarter of said Section 30;

thence S89°17'51"W along said South line, 617.65 feet to the Southwest corner of the Southeast quarter of the Northwest quarter of said Section 30;
thence continuing S89°17'51"W along said South line, 1178.13 feet to a point on a curve on the easterly right-of-way line of said McCaslin Boulevard;
thence along said easterly right-of-way line the following four (4) courses:

1. thence along said curve to the right having a radius of 1593.30 feet, a central angle of 31°25'34" (the chord of which bears N26°13'50"E, 862.99 feet), 873.91 feet to a point of tangent;
2. thence N41°56'37"E along said tangent, 167.00 feet to a point of curve;
3. thence along said curve to the left having a radius of 1420.26 feet, a central angle of 03°25'29", 84.89 feet to a point on a curve;
4. thence along said curve to the left having a radius of 1300.00 feet, a central angle of 40°28'49" (the chord of which bears N21°19'22"E, 899.48 feet), 918.47 feet to the Point of Beginning containing 55.168 acres, more or less.

RCR\LEGALS\3

RECEPTION NO. 92051546

Legal Description - Rock Creek Ranch Filing No. 10

A parcel of land located in the East half of Section 30, Township 1 South, Range 69 West of the Sixth Principal Meridian, Town of Superior, County of Boulder, State of Colorado, more particularly described as follows:

Commencing at the Southeast corner of the Northeast quarter of said Section 30 and considering the East line of the Northeast quarter of said Section 30 to bear N00°08'10"W with all bearings contained herein relative thereto;
thence S87°24'13"W, 992.47 feet to the Point of Beginning, said point being on the southerly boundary of Rock Creek Ranch Filing No. 9B;
thence along said southerly boundary the following four (4) courses:

1. thence N70°18'48"W, 113.47 feet;
2. thence N30°46'21"W, 119.51 feet;
3. thence N06°04'59"W, 85.71 feet;
4. thence N10°36'39"E, 58.19 feet to a point on the southerly line of Rock Creek Ranch Filing No. 8A;

thence N88°56'57"W along said southerly line, 96.34 feet to the southeasterly line of Rock Creek Ranch Filing No. 8B;
thence along said southeasterly line the following five (5) courses;

1. thence S10°36'39"W, 286.67 feet;
2. thence S29°11'23"W, 101.76 feet;
3. thence S43°09'07"W, 88.29 feet;
4. thence S57°59'20"W, 88.10 feet;
5. thence S70°11'05"W, 455.51 feet;

thence S19°48'55"E, 635.50 feet;
thence S13°35'58"E, 67.87 feet;
thence S11°26'31"E, 439.87 feet;
thence S56°26'31"E, 21.21 feet;
thence N78°33'29"E, 66.71 feet;
thence N82°47'02"E, 69.01 feet;
thence S89°58'49"E, 600.43 feet;
thence N45°01'11"E, 21.21 feet;
thence N81°39'21"E, 100.24 feet;
thence N09°49'43"W, 651.15 feet;
thence N04°35'16"E, 129.16 feet;
thence N47°43'10"W, 95.13 feet;
thence N20°25'15"W, 447.19 feet;
thence N24°56'14"E, 168.78 feet to the Point of Beginning containing 27.570 acres, more or less.

RECEPTION NO. 92051546

RCR\LEGALS\10

EXHIBIT "A"
PAGE 4 OF 4

Legal Description – Rock Creek Ranch Filing No. 11

9

A parcel of land located in the West half of Section 29 and the East half of Section 30, Township 1 South, Range 69 West of the Sixth Principal Meridian, Town of Superior, County of Boulder, State of Colorado, more particularly described as follows:

Commencing at the Southeast corner of the Northeast quarter of said Section 30 and considering the East line of the Northeast quarter of said Section 30 to bear N00°08'10"W with all bearings contained herein relative thereto;
thence S87°24'13"W, 992.47 feet to the Point of Beginning, said point being on the southerly boundary of Rock Creek Ranch Filing No. 9B;
thence along said southerly boundary the following seventeen (17) courses:

1. thence S70°18'48"E, 139.45 feet;
2. thence S60°00'26"E, 59.25 feet;
3. thence S51°37'16"E, 55.48 feet;
4. thence S44°08'33"E, 59.30 feet;
5. thence S36°39'50"E, 55.48 feet;
6. thence S29°33'35"E, 53.57 feet;
7. thence S22°10'41"E, 176.06 feet;
8. thence S57°56'06"E, 112.19 feet;
9. thence S81°46'04"E, 82.45 feet;
10. thence N80°10'17"E, 203.00 feet;
11. thence S09°49'43"E, 89.94 feet;
12. thence N80°10'17"E, 50.00 feet to a point on a curve;
13. thence along said curve to the right having a radius of 20.00 feet, a central angle of 89°19'57" (the chord of which bears N34°50'16"E, 28.12 feet), 31.18 feet to a point of reverse curve;
14. thence along said curve to the left having a radius 778.74 feet, a central angle of 16°41'33", 226.88 feet to a point of reverse curve;
15. thence along said curve to the right having a radius of 774.19 feet, a central angle of 12°46'17", 172.57 feet to a point of tangent;
16. thence N75°34'57"E along said tangent, 14.64 feet to a point of curve;
17. thence along said curve to the right having a radius of 50.00 feet, a central angle of 92°41'50", 80.89 feet;

thence S19°30'12"W, 150.39 feet;
thence S44°37'48"E, 21.21 feet;
thence S00°22'12"W, 99.00 feet;
thence S11°33'30"W, 188.72 feet;
thence S38°21'45"W, 78.91 feet;
thence S45°52'12"W, 80.00 feet;
thence S54°48'21"W, 47.06 feet;
thence S64°26'55"W, 128.27 feet;
thence S30°57'31"W, 172.06 feet;
thence S67°35'18"W, 562.16 feet;
thence S80°31'55"W, 86.53 feet;
thence N54°38'54"W, 21.28 feet;
thence N09°49'43"W, 651.15 feet;
thence N04°35'16"E, 129.16 feet;
thence N47°43'10"W, 95.13 feet;
thence N20°25'15"W, 447.19 feet;
thence N24°56'14"E, 168.78 feet to the Point of Beginning containing 22.156 acres, more or less.

RECEPTION NO. 92051546

RCR\LEGALS\11