**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00951-CNS

Andrea Lockhart, et al.

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, COLORADO, as successor in interest to the Jefferson County Airport Authority,

    Defendant.

---

**MOTION TO STAY ALL PROCEEDINGS
PENDING RULING ON PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TO STAY CONSIDERATION OF THE COUNTY'S MOTION TO
DISMISS AND TO STAY ALL OTHER PROCEEDINGS**

---

Through their undersigned counsel, Plaintiffs respectfully request that the Court stay all proceedings pending a ruling on Plaintiffs' Motion to Remand (ECF No. 18) ("Remand Motion") or, in the alternative, stay *consideration* of Defendant's ("County") Motion to Dismiss (ECF No. 14) ("MTD") until after ruling on the Remand Motion and stay all other proceedings. In support of this Motion ("Motion"), Plaintiffs state as follows:

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel certifies that he conferred with counsel for the County; the County opposes this Motion.

## INTRODUCTION

On March 21, 2024, Plaintiffs filed their Complaint in Boulder County District Court, seeking the payment of just compensation from the County for the taking and damaging of Plaintiffs' property rights under Colorado's Constitution due to the County's invasion of the airspace immediately above their homes with low-flying planes conducting touch-and-go operations and dropping leaded fuel particulates on their properties even after avigation easements held by the County were terminated. (ECF No. 4) ("Complaint"). A plain reading of the Complaint shows that Plaintiffs are seeking *only* just compensation. The Complaint does not seek to enjoin, regulate, impair, limit, or control the County's Airport or its airport operations. It simply asks that the Plaintiffs be compensated under Colorado law for the property rights taken and/or damaged by the County to accommodate the County's existing airport operations that are presumed to continue.

On April 9, 2024, the County filed its Notice of Removal (ECF No. 1) ("Notice"), mischaracterizing the nature of the Complaint and the relief Plaintiffs are seeking in an

2

attempt to justify removal on the basis of alleged federal question jurisdiction. Within one day of filing its Notice, the County filed its MTD on April 10, 2024.[1] While there will be a time and place for the County's MTD to be properly heard, this Court should not *exercise* jurisdiction before first resolving whether it *has* jurisdiction.

As Plaintiffs' Remand Motion demonstrates, this Court does *not* have subject matter jurisdiction because: (1) Plaintiffs did not assert a federal claim or cause of action on the face their well-pleaded complaint; and (2) federal aviation law does not completely preempt Plaintiffs inverse condemnation claims. (Remand Motion at 2-4; 6-15). The County fails to identify even a single decision where a state law inverse condemnation claim has been properly removed to federal court. (Remand Motion at 13). The County also ignores substantial authority showing that state inverse condemnation claims are *not* preempted. (Remand Motion at 9-15). It is the County's burden to demonstrate to this Court that removal was proper. The County fails, and this case must be remanded.

While it may be tempting for this Court to consider the MTD before or alongside the Remand Motion, jurisdictional questions must be answered first and *before* any resolution of the merits: "Jurisdiction is a threshold question that a federal court must address before reaching the merits, even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail

---

[1] The County also filed a Motion to Consolidate this case with a related case. *See* (ECF No. 9); (*Fuller, et al. v. Jefferson County*, No. 1:24-cv-00157-DDD-STV, ECF No. 32) ("*Fuller*"). Those plaintiffs are opposing consolidation on jurisdictional grounds given the fully briefed Motion for Remand pending there. (*Fuller*, ECF No. 20). Although no response is needed to the Notice of the Motion to Consolidate filed in this action (ECF No. 9), the Plaintiffs here also oppose consolidation for all the reasons advanced by the *Fuller* plaintiffs.

if jurisdiction were denied." *Payton v. U.S. Dep't of Agriculture*, 337 F.3d 1163, 1167 (10th Cir. 2003). Relying on United States Supreme Court precedent, the *Payton* court went even further in explaining the jurisdictional limitations imposed on federal courts:

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause…. The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception.

*Id.* (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998)) (emphasis added). One year after *Steel Co.* was decided, the Supreme Court reemphasized this necessary order of operations:

> *Steel Co.* held that Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. "For a court to pronounce upon [the merits] when it has no jurisdiction to do so," *Steel Co.* declared, "is…for a court to act ultra vires."

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (quoting *Steel Co.*, 523 U.S., at 101–102).

Plaintiffs are mindful that Magistrate Judge Varholak already partially denied a similar Motion to Stay All Proceedings pending determination of a remand motion filed in the *Fuller* case (*Fuller*, ECF No. 25); ordering that motion to dismiss briefing should continue even though the jurisdictional question was not yet resolved. Plaintiffs respectfully assert that decision was improper, and a full stay should have been granted there, just as is being requested here. Recognizing that Judge Varholak may still have a different view, Plaintiffs therefore argue, in the alternative, that if the MTD briefing is ordered to continue, the Court should stay consideration of the MTD until the Court first

4

rules on the Remand Motion.[2] The merits of this case should only be decided by the court with subject matter jurisdiction—here, that is *only* the Boulder County District Court. If the Court adopts this alternative request, it should also—consistent with Judge Varholak's ruling in the *Fuller* case—stay all other issues aside from the Remand Motion and MTD briefing.

Courts in this District routinely grant stays while such motions to remand are pending. A stay will conserve judicial resources, as it will prevent the needless expenditure of time and cost associated with discovery, case management, or ruling on any non-remand motions that would potentially be rendered moot upon remand. A stay would also further the public interest by protecting judicial resources. For all of these reasons and the reasons that follow, the Court should grant this Motion.

## ARGUMENT

### A. The Court Should Determine its Jurisdiction Before Addressing Substantive Issues

In their Remand Motion, Plaintiffs demonstrate that this Court lacks subject matter jurisdiction over Plaintiffs' inverse condemnation actions. (Remand Motion at 2-16). Where a court's jurisdiction is at issue, the court should answer the jurisdictional question before addressing the merits of a case.

> Jurisdiction is a threshold question that a federal court must address before reaching the merits of a statutory question, even if the merits question is more

---

[2] Plaintiffs argue for this only in the alternative to protect against any suggestion that they have acquiesced to the jurisdiction of this Court in a manner that would jeopardize remand. *See Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996). This is another reason to stay all proceedings; ongoing litigation activities are problematic because Plaintiffs may need to take positions that appear uncooperative to protect against arguments that they have availed themselves of the Court's jurisdiction.

> easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S., 93-94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (disapproving a federal court's exercise of "hypothetical jurisdiction" because "it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers"). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Federal district courts faced with competing motions to remand and to dismiss have recognized the proper order of operations and decided remand issues first. For example, in *Tampa Elec. Co. v. Travelers Indem. Co. of Am.*, 8:17-CV-1705-T-33AAS, 2017 WL 3387483 (M.D. Fla. Aug. 7, 2017), the plaintiff filed a motion to stay consideration of a defendant's motion to dismiss pending a ruling on plaintiff's motion to remand. *Id.*, at *1. In granting the plaintiff's motion, the court properly recognized that the jurisdictional question must be answered first:

> The requirement that Jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868))….
>
> Here, the jurisdictional issue raised in the Motion to Remand must be squarely addressed before the Court may undertake any analysis of the Motion to Dismiss. The Court determines that it is appropriate to extend the deadline for [Plaintiff] to respond to the Motion to Dismiss until 14 days after the Court has entered its ruling on the Motion to Remand.

6

*Id.*; *see also Mart v. State Farm Mut. Auto. Ins. Co.*, CIV.A. 3:10-0144, 2010 WL 1484706, at *1 (S.D.W. Va. Apr. 12, 2010) ("[W]hen there are simultaneously pending motions to remand and to dismiss, the Court's first duty is to resolve the motion to remand. The Court therefore FINDS that the disposition of Plaintiffs' jurisdictional inquiry is a necessary threshold matter and, accordingly, GRANTS Plaintiffs' motion. This action is ORDERED STAYED, in its entirety, pending resolution of the motion to remand.") (internal quotations and citation omitted).

The same approach is appropriate here. A decision on the pending Remand Motion will resolve the jurisdictional issue. Thus, the Court should stay all or proceedings or, in the alternative, at least stay consideration of the MTD and stay all other proceedings until it rules on the Remand Motion.

**B. Courts Routinely Grant Stays Pending the Resolution of a Motion to Remand**

The Court has broad authority to stay proceedings in this case pending a ruling on the Remand Motion. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Franklin v. Merck & Co.*, No. 06CV02164WYDBNB, 2007 WL 188264, at *3 (D. Colo. Jan. 24, 2007) (quoting *Landis*, 299 U.S. at 254, and staying all proceedings).

While stays are generally disfavored, *see Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-CV-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), "a stay may be appropriate in certain circumstances," such as "until jurisdictional issues [can] be

7

resolved." *Orbitcom, Inc. v. Qwest Communications Corp.*, No. 09-CV-00181-WDM-KLM, 2009 WL 1668547, at *1 (D. Colo. June 15, 2009).[3]

Indeed, courts in this district have routinely granted stays of *all proceedings* pending resolution of jurisdictional questions through motions to remand. *See, e.g.*, *AccuSystems, LLC v. BCB Bancorp, Inc.*, No. 15-CV-00562-RM-KMT, 2015 WL 3609130, *2 (D. Colo. June 8, 2015) ("*All proceedings* in this matter are STAYED pending ruling on Plaintiff's Motion for Remand and the Scheduling Conference set for June 16, 2015 is VACATED.") (emphasis added); *Parkside at Mountain Shadows Owners Assoc., Inc. v. Travelers Casualty & Surety Co. of America*, No. 15-CV-00120-KMT, 2015 WL 1598066, *2 (D. Colo. Apr. 7, 2015) ("*All proceedings* in this matter are STAYED pending ruling on Plaintiff's Motion for Remand and the Scheduling Conference set for April 16, 2015 is VACATED.") (emphasis added); *Trustees of Springs Transit Co. Employee's Ret. & Disability Plan v. City of Colorado Springs*, No. 09-CV-02842-WYD-CBS, 2010 WL 1904509, *9 (D. Colo. May 11, 2010) ("Accordingly, for the foregoing reasons, Defendant City of Colorado Springs' Motion to Stay Discovery *and All Proceedings* Pending Determination of the City and Trustee Motion to Remand (doc. #28) is GRANTED.") (emphasis added).

This Court should similarly issue a stay until the Remand Motion is decided.

---

[3] *See also Orbitcom*, 2009 WL 1668547 *1 (recognizing that a stay was appropriate "while Plaintiff's jurisdiction-based Motion to Remand was resolved" but denying defendant's request for a **further** stay pending its motion to arbitrate).

### C. The *String Cheese Incident* Factors Favor Staying the Proceedings

When evaluating whether to stay proceedings, courts in this district generally consider the five factors from *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). These factors are: (1) plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of non-parties; and (5) the public interest. *Id*. Application of the factors to this matter demonstrates a stay is appropriate.

1. <u>Factors One and Two: A Stay Will Cause No Prejudice or Burden to Either Party</u>

This case was only very recently removed to federal district court on April 9, 2024. The parties have not engaged in any discovery, and the Court has not held a scheduling conference, set any pretrial deadlines, or determined a trial date. The requested stay will cause only a slight delay, if any, to this action, which is still in the very early procedural stages. Under such circumstances, there is no prejudice or burden to either party. *See Andrade v. Jbs USA,* No. 4:22-CV-00164-RGE-HCA, 2022 WL 20689764 at *1 (S.D. Iowa June 14, 2022) (granting motion to stay pending the resolution of a motion to remand where the case was "relatively new, having been removed to federal court based on federal question jurisdiction [one month earlier]" and "the only prejudice to Defendants from the stay is a slight delay in the resolution of the MTD, whether that occurs in state or federal court"). Here, the stay is being sought by Plaintiffs so no harm to them should be presumed, and a stay will not cause any undue burden on the County, which has already filed a MTD to dismiss that is largely a cut-and-paste exercise from the motion it

9

filed in the *Fuller* case (*Fuller* ECF No. 24). In fact, a stay will be beneficial, as it will allow the Court and the parties to focus on the remand pleadings so that jurisdiction is determined before any further time and effort is spent on non-remand issues. A stay will also prevent potential prejudice to Plaintiffs; without such a stay, Plaintiffs will have to continue objecting to any substantive actions in this Court as a precaution against acquiescence to federal jurisdiction. *See supra* p. 4 footnote 2.

2. <u>Factors Three and Four: Staying the Proceedings Will Convenience the Court and Have No Meaningful Effect on Nonparties</u>

Judicial economy is well-served by a stay. "It is in the interest of judicial economy to decide issues of jurisdiction *as early in the litigation process as possible*. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004) (emphasis added). "Although the court has an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result is outweighed by the potential waste of judicial resources that would result from allowing discovery only to have the case subsequently remanded for the reasons set forth in Plaintiff's Motion for Remand." *AccuSystems, LLC v. BCB Bancorp, Inc.*, No. 15-CV-00562-RM-KMT, 2015 WL 3609130, at *2 (D. Colo. June 8, 2015) (granting motion to stay pending motion to remand to promote judicial economy). Until this Court determines its jurisdiction, it makes sense to preserve judicial resources and save the time and cost of proceeding with further MTD briefing, case management, discovery or briefing and deciding any non-remand motions. *See Devaul v. TK Constr. US, LLC*, No. 13-CV-02632-PAB-KMT, 2013 WL 6499251, at *2 (D. Colo. Dec. 11, 2013) (granting

10

motion to stay pending ruling on motion to remand because "the court finds its own convenience…favors a stay; any inconvenience in rescheduling the docket is outweighed by the risk of proceeding with discovery in absence of jurisdiction").

Given that a virtually identical remand motion and a motion to dismiss have already been fully-briefed and are awaiting determination by Judge Varholak in the *Fuller* litigation (*Fuller* ECF Nos. 20 and 24, respectively), a stay here also preserves judicial economy by waiting until rulings are entered there. Both the Remand Motion and the MTD could then be dealt with in summary fashion in this proceeding without the need for extensive briefing.

Furthermore, because this case is in its early stages and "there are no presently identified non-parties who may have an interest in this case…the fourth String Cheese factor is neutral." *Scott v. State Farm Mutual Automobile Insurance Co.*, No. 21-CV-01069-WJM-NYW, 2021 WL 7542564 (D. Colo. June 18, 2021). Because a stay would not meaningfully affect nonparties and promote judicial economy, the Court should grant this Motion.

   3. Factor Five: A Stay Will Further the Public Interest

Conserving the Court's resources by staying this action also furthers the public interest by preserving judicial resources. *See Nikols v. Chesnoff*, 435 Fed. App'x 766, 769 (10th Cir. 2011) (noting a vital public interest in conserving judicial resources). Allowing complex litigation to proceed while a motion to remand is pending would lead to potentially wasteful efforts by both the Court and the parties in proceeding with case management, discovery, discovery disputes, and pre-trial motions briefing. Avoiding such

wasteful efforts by staying the litigation until the Court's jurisdiction is resolved—by a ruling on the Remand Motion—furthers the public interest.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court stay all proceedings pending a ruling on Plaintiffs' Remand Motion or, in the alternative, stay consideration of the County's Motion to Dismiss and stay all other proceedings until the Court first resolves the pending Remand Motion.

Respectfully submitted this 24th day of April 2024.

*s/ John R. Sperber*
John R. Sperber
Faegre Drinker Biddle & Reath LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone Number: (303) 607-3500
Fax Number: (303) 607-3600
Email: jack.sperber@faegredrinker.com

Michael J. Hirak
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone Number: (612) 766-7000
Fax Number: (612) 766-1600
Email: michael.hirak@faegredrinker.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April 2024, a true and correct copy of the foregoing **MOTION TO STAY ALL PROCEEDINGS PENDING RULING ON PLAINTIFFS' MOTION TO REMAND OR, IN THE ALTERNATIVE, TO STAY CONSIDERATION OF THE COUNTY'S MOTION TO DISMISS AND TO STAY ALL OTHER PROCEEDINGS** was e-filed with the Court through the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this case.

*s/ Lynne McWhirt*
Lynne McWhirt, Legal Administrative Assistant