IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00951-CNS-STV

ANDREA LOCKHART, et al.,

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, COLORADO, as successor in interest to the Jefferson County Airport Authority

    Defendant.

---

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO STAY ALL PROCEEDINGS**

**INTRODUCTION**

Defendant The Board of County Commissioners of the County of Jefferson, Colorado (the "County") opposes Plaintiffs' Motion to Stay all Proceedings Pending Ruling on Plaintiffs' Motion to Remand or, In the Alternative, to Stay Consideration of the County's Motion to Dismiss and to Stay All Other Proceedings, ECF No. 19 (the "Motion"). The Motion is a replica of a similar motion for stay that the same law firm filed on behalf of their client plaintiffs in the related case of *Drew Phillip Fuller, et al. v. Jefferson County, Colorado*, Case No. 1:24-cv-0157-DDD-STV (the "Fuller Action"). Following a hearing on the motion for stay, Magistrate Varholak properly denied that portion of the motion which sought to prohibit consideration of the County's pending motion to dismiss. Minute Entry, Case No. 1:24-cv-0157-DDD-STV, ECF No. 25 (Feb. 21, 2024) ("The Motion to Stay All Proceedings Pending Ruling on Plaintiffs' Motion to Remand . .

1

. is **GRANTED in part** and **DENIED in part**.  The motion is granted to the extent it seeks a stay of discovery but is denied to the extent it seeks to stay briefing on the motion to dismiss and the court will allow that briefing to continue.").  Both for the sake of consistency and because it is the correct outcome, the same result should happen here as well.  This is especially true given the fact that the two cases (this case and Fuller) are identical except for the fact that this case adds additional homeowners who, as in Fuller, are claiming inverse condemnation in connection with the operation of the Rocky Mountain Metropolitan Airport ("RMMA" or the "Airport").

The County properly removed this case, which involves the pervasively federally regulated areas of airport operations, noise, and leaded fuel, *see generally* Notice of Removal, ECF No. 1, and filed a comprehensive motion to dismiss on April 10, 2024, s*ee* ECF No. 14—to which Plaintiffs responded on April 29, 2024.   *See* ECF No. 23.  Contemporaneously with filing this response, the County is filing its reply in support of its motion to dismiss.  *See* ECF No. 24.   On April 24, 2024, Plaintiffs filed their motion to remand. *See* ECF No. 18.  The County is also opposing that motion.  *See* ECF No. 25.  After Plaintiffs file their reply in support of their motion to remand, all briefing on the substantive issues presently before the Court will be complete, which cuts against the necessity for Plaintiffs' requested stay.

Further, the interests of justice, the parties, and judicial economy, as well as having a federal judge consider and examine the complex federal law issues raised by this dispute, sharply favor denying Plaintiffs' requested stay and instead having this Court consider and rule on the County's motion to dismiss in conjunction with the Court's

consideration of Plaintiffs' motion to remand. Moreover, none of the cases cited by Plaintiff—which largely related to a stay *of discovery*—supports the breadth of the stay Plaintiffs are seeking.

## ARGUMENT

Plaintiffs assert that the stay of the entire case is appropriate until jurisdictional issues are resolved. *See* Motion, p.5-6. However, as occurred in Fuller, because the substantive issues raised in both the motion to remand and the motion to dismiss are highly intertwined, the Court can resolve the jurisdictional issues raised by the motion to remand either in the context of ruling on that motion or in resolving the County's motion to dismiss. Once again as in Fuller, there is no practical reason why the motion to dismiss cannot be considered in connection with, rather than after, a ruling on Plaintiffs' motion to remand.

### I. THE MOTION TO STAY IN THIS CASE SHOULD BE HANDLED THE SAME AS THE MOTION TO STAY IN FULLER.

As a preliminary matter, the pending motion to stay in this case should be handled the same as the motion to stay in Fuller. As reflected above, Judge Varholak held a hearing on the motion to stay in Fuller and appropriately denied that aspect of the motion to stay which sought to preclude the Court's consideration of briefs filed in connection with the pending motion to dismiss. This case and Fuller are identical except for the identity of the homeowner plaintiffs in both cases. Plaintiffs offer no basis to treat this case different than Fuller. Without any further consideration the Court should reach the same result with regard to the pending motion to stay as it did in Fuller. Here is what the Court stated in Fuller, which should be the ruling in response to the instant Motion:

3

> The Motion to Stay All Proceedings Pending Ruling on Plaintiffs' Motion to Remand [ECF Doc. No. 15] is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent it seeks a stay of all discovery but it is denied to the extent it seeks to stay briefing on the motion to dismiss and the court will allow that briefing to continue.
> If the Motion for Remand and the Motion to Dismiss are denied, the parties shall contact Magistrate Varholak's chambers within five (5) days of those rulings to set the matter for a Scheduling Conference.

II. **PLAINTIFFS' CITED "ORDER OF OPERATIONS" CASES ARE DISTINGUISHABLE.**

Plaintiffs assert that federal courts, when asked to rule on contemporaneous motions to remand and motions to dismiss, must adhere to the "proper order of operations" and stay consideration of any other pending motions until the motion to remand is resolved. Motion, p.6. In support of this sweeping assertion, Plaintiffs point to two unpublished decisions—neither of which involved the precise circumstances presented in this case or stand for the proposition Plaintiffs ask this Court to adopt. *Id.*

In the first case, *Tampa Electric Company*, the plaintiff initially filed a breach of contract action in state court, which the defendants subsequently removed on the basis of **diversity** jurisdiction—not federal question jurisdiction, which is the basis for the County's removal in this case (and presents a more complex jurisdictional question for the Court to resolve compared to the relatively straightforward question of whether complete diversity of citizenship is present amongst the parties). *See Tampa Elec. Co. v. Travelers Indem. Co. of Am.*, Case No. 8:17-cv-1705-T-33AAS, 2017 WL 3387483, at *1 (M.D. Fla. Aug. 7, 2017); *accord* 28 U.S.C. §§ 1331, 1332. More critical to the Court's resolution of Plaintiffs' Motion, however, is the fact that the *Tampa Electric* defendants also filed a motion to dismiss on the same day they removed, to which the plaintiff had

4

not yet responded.  *See id.*  The *Tampa Electric* plaintiff moved to stay consideration of the motion to dismiss **or, alternatively, to extend the deadline to file a response** until 14 days after the court ruled on the motion to remand (in which the plaintiff challenged that complete diversity of citizenship existed).  *See id.*  After reciting the blackletter principles on resolving questions of subject matter jurisdiction—which is the portion of the opinion Plaintiffs quote out of context—**the court granted only the alternative relief the plaintiff requested** (i.e., an extension of the response deadline), not a stay of consideration of a fully briefed motion to dismiss, as the Court is faced with here.  *See id.* at *1-*2.

The relatively straightforward jurisdictional question before the court, coupled with the fact that the motion to dismiss was not fully briefed, materially distinguish *Tampa Electric* from this case.  As does the fact that the *Tampa Electric* court did not actually grant the requested stay due to the jurisdictional issues presented in the motion to remand, as Plaintiffs suggest.  *See* Motion, p.6 ("In **granting** the plaintiff's motion [to stay consideration of a defendant's motion to dismiss], the court properly recognized that the jurisdictional question must be answered first.") (emphasis added).

In the second case, *Mart*, the court was also faced with a motion to stay **briefing** on a motion to dismiss while the plaintiffs' fully briefed motion to remand challenging **diversity** jurisdiction was pending—circumstances which are not present in this case.  *See Mart v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 3:10-0144, 2010 WL 1484706, at *1 (S.D.W.Va. Apr. 12, 2010).  The *Mart* court did observe, as Plaintiffs note in their Motion, that "when there are simultaneously pending motions to remand and to dismiss,

'the Court's first duty is to resolve the motion to remand.'" *Id.* (citing *McWilliams v. Monarch Rubber Co.*, 70 F. Supp. 2d 663, 665 n.3 (S.D.W.Va. 1999)). Although the cited *McWilliams* case made this pronouncement and is more analogous to the circumstances before the Court in that the competing motions to remand and to dismiss were fully briefed and mending, *McWilliams*, too, is distinguishable because the court in that case denied the plaintiff's request for a stay while the motion to remand was pending and instead, **in an omnibus order**, resolved the motions to remand and to dismiss. *See* 70 F. Supp. 2d at 666.

Thus, whatever "order of operations" cases like *Mart* and *McWilliams* purported to announce when federal courts are faced with contemporaneous motions to remand and to dismiss, these cases also stand for the proposition that federal courts are quite capable of ruling on these motions are the same time—particularly where, as here, the motions at issue will be fully briefed and ripe for consideration.

### III. THE REST OF PLAINTIFFS' CITED REMAND CASES ALL INVOLVED STAYS OF DISCOVERY ONLY.

Plaintiffs next contend that "courts routinely grant stays pending resolution of a motion to remand." Motion, p.7. However, as also was the case with regard to the same arguments made by the Fuller plaintiffs, the cases that the Lockhart Plaintiffs rely on all involved situations in which the stay was directed **at discovery**, and the other parties sometimes did not even oppose the requested stay. *See J.Z.A. v. Centura Health Corp.*, No. 1:19-cv-02369-CMA-SKC, 2019 WL 13196114, *2 (D. Colo. Nov. 12, 2019) ("With the Motion to Stay, the United States **seeks a stay of discovery** pending resolution of the Motion to Substitute and Motion for Summary Judgment") (emphasis added); *id*.

6

("Courts in this district 'have routinely recognized that **a stay of discovery** may be appropriate where the court's jurisdiction is at issue") (emphasis added); *Accusystems, LLC v. BCB Bancorp, Inc.*, No. 15-cv-00562-RM-KMT, 2015 WL 3609130, *1 ("A **motion to stay discovery** is thus an appropriate exercise of this court's discretion") (emphasis added); *Parkside at Mountain Shadows Owners Ass'n v. Travelers Casualty and Surety Co.*, No. 5-cv-0012-KMT, 2015 WL 1598066, *1 (D. Colo. April 7, 2015) ("A **motion to stay discovery** is thus an appropriate exercise of this court's discretion") (emphasis added); *id*. ("**Defendant does not oppose . . . the Motion to Stay**") (emphasis added); *Devaul v. TK Construction, U.S., LLC*, No. 13-cv-02632-PAB-KMT, 2013 WL 6499251, *1 (D. Colo. Dec. 11, 2013) ("In this District, a **stay of discovery** is generally disfavored") (emphasis added); *id*. *2 ("**Defendants do not oppose a stay**") (emphasis added); *Trustees of the Springs Transit Co. Employee's Ret. and Dis. Plan v. City of Colorado Spgs.*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, *1 (D. Colo. May 11, 2010) ("the **motion to stay discovery is granted**") (emphasis added); *id*. *4 ("It cannot be gainsaid that the court has considerable discretion over **the timing of discovery**") (emphasis added). Another case cited by Plaintiffs—*Landis v. North Am. Co.*, 299 U.S. 248 (1936)—did not involve the removal statute or a motion for remand.

It makes sense to stay discovery while the courts decide which is the proper forum or whether a claim has even been properly alleged. Discovery can take years and costs hundreds of thousands of dollars if not more so it makes sense to pause discovery while preliminary issues are resolved. Indeed, as in Fuller, the County once again is in favor of a stay of discovery pending a ruling on its motion to dismiss as well as the motion for

7

remand; however, there is no similar need to stay a ruling on consideration of the County's motion to dismiss. *See Orbitcom, Inc. v. Qwest Comms. Corp.*, 2009 1668547, *2 (D. Colo. June 15, 2009) (in holding that a stay was not warranted, the court stated that it "identifie[d] a strong interest held by the public in general regarding the prompt and efficient handling of all litigation. Under these circumstances, the Court finds that a stay of the case is not warranted.") The type of economic burden imposed on parties by full discovery does not apply to the issue of briefing a motion to dismiss the same time that a motion for remand is being briefed.

Accordingly, Plaintiffs have failed to meet their burden to demonstrate good cause for a stay of the briefing and consideration of the County's motion to dismiss. *Accord* Fed. R. Civ. P. 26(a).

## IV. A STAY WOULD UNNECESSARILY PROLONG A CASE THAT SHOULD BE DISMISSED.

The requested stay also should be denied because it would unnecessarily prolong a case that should never have been brought, as the County explains in its motion to dismiss. *See* ECF No. 14, p.8-14. Included in the County's motion to dismiss is the very straight forward argument that Plaintiffs' inverse condemnation claims are barred by the two-year statute of limitations for actions against local governments. *See id.* at p.8-9; C.R.S. § 13-80-102(1)(h). The claims are based on an airport Master Plan issued in 2000, which even plaintiffs have conceded they knew about more than 2 years before this case was filed. *See, e.g.,* ECF No. 1-9, Complaint Exhibit H, at 16 (acknowledging that the 2000 Master Plan "was added to the [Airport] websites in 2020" at the request of the [Plaintiffs'] Home Owners Association); *Bad Boys of Cripple Creek Mining Co. v. City of*

8

*Cripple Creek*, 996 P.2d 972, 975 (Colo. App. 2000). This important legal defense should be considered at this juncture.

## V. THE *STRING CHEESE* FACTORS WEIGH AGAINST STAYING THESE PROCEEDINGS.

Lastly, Plaintiffs, as they did in Fuller, assert that the factors listed in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 1:02-CV-01934-LTB-PA, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006), supports issuance of their requested stay. *See* Motion, p.9-12. Not so. To begin with, the stay factors listed by the court in *String Cheese* related to the issue of whether to stay discovery, which is not the same as a stay limited to ruling on a motion to dismiss. *See* 2006 WL 894955, at *1. In any event, the *String Cheese* factors do not favor a stay. Those five factors are:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, *2 (D. Kan. 1987)).

### A. Factor One: Prejudice to Plaintiffs

Plaintiffs' interests in their litigation proceeding in an expeditious manner does not require a stay of the Court's consideration of the County's arguments in support of its request for dismissal of the case. To reiterate, the County has filed its reply in support of its motion to dismiss contemporaneously with the filing of this response. *See* ECF No. 24. Subject to any oral argument, the motion to dismiss is fully briefed and ready for resolution. There is no reason why that process cannot continue while the Court awaits

9

Plaintiffs' reply in support of their motion remand—the only outstanding filing before all the pertinent substantive issues will be ripe for the Court's consideration.

### B.  Factor Two: Burden on the County

There is a clear burden on the County if the Court stays the entire case pending a ruling on the motion to remand.  The County maintains that this case should not have been filed and should be dismissed.  It is prejudicial for the County to have to wait for resolution if its motion to dismiss.

### C.  Factor Three: Convenience to the Court

Not granting the stay requested by Plaintiffs would be more convenient for the Court, which now has the benefit of briefing on the County's motion to dismiss while the Court also considers Plaintiffs' motion for remand.

### D.  Factor Four: Interests of Non-Parties

The interests of persons not parties to this case favor denying the stay.  RMMA provides an important opportunity for commercial, cargo and general aviation aeronautical services.  Users of the Airport will benefit from a more efficient and expedited litigation of the legal issues raised by the County's motion to dismiss.

### E.  Factor Five: The Public's Interest

The public interest favors having the County's motion to dismiss be timely considered and not be stalled until after the Court rules on the motion to remand.

## CONCLUSION

For the foregoing reasons, the County requests that the Court resolve Plaintiffs' Motion the same way that the Court ruled on the identical motion to stay in Fuller.

Respectfully submitted this 7th day of May, 2024.

*/s/ M. Roy Goldberg*
M. Roy Goldberg
STINSON LLP
1775 Pennsylvania Avenue N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 728-3005
Email: roy.goldberg@stinson.com

Nathaniel T. Vasquez
**STINSON LLP**
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Telephone: (303) 376-8424
Email: nathaniel.vasquez@stinson.com

*Attorneys for Defendant Board of County Commissioners of the County of Jefferson, Colorado*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 7, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

                                      */s/ M. Roy Goldberg*
                                      M. Roy Goldberg

CORE/3530173.0006/188993861.2